UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEMARCUS LACARL JONES,<br>Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-00139 |
| VERSUS | |
| WARDEN K. ASK-CARLSON,<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by petitioner DeMarcus LaCarl Jones ("Jones") on January 29, 2014. Jones is attacking the computation of his federal sentence by the Bureau of Prisons ("BOP").[1]

Jones contends that, in 2004, he was arrested by the federal government while he was in Texas state custody on pending charges. Jones contends he was convicted in the United States District Court for the Southern District of Texas for possession of a firearm by a convicted felon, and sentenced to 120 months imprisonment. The federal sentencing judge did not specify whether Jones' sentence was to run concurrent or consecutive to any other sentence. U.S. v. Jones, case number 4:04-CR-00249-001 (S.D.Tex.).

Jones contends he was initially sent to a federal prison, but

---

[1] Claims regarding the execution of a sentence are properly brought in a § 2241 proceeding. U.S. v. Jack, 566 Fed.Appx. 331, 332 (5th Cir. 2014), citing Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

soon returned to state custody where he was convicted of aggravated assault with a deadly weapon and sentenced to ten years imprisonment, imposed to run concurrent with any other sentence (Doc. 1).

Jones contends that he served his state sentence in the state prison, then the United States Marshal picked him up and took him to a federal prison to begin serving his federal sentence. Jones exhausted his administrative remedies[2] and shows that the BOP has refused to give him credit on his federal sentence for the time spent serving his state sentence. Jones is presently confined in Federal Correctional Institution in Pollock, Louisiana.

The undersigned issued a Report and Recommendation (Doc. 6), recommending that Jones' habeas petition be denied. However, in addition to his objections to the Report and Recommendation, Jones filed a letter from the Texas state judge who sentenced him, which states that Jones' state sentence was intended and imposed to run concurrent with his previously imposed federal sentence, and that the United States Marshal was supposed to have picked Jones up to start serving his federal sentence immediately after his Texas state proceedings were concluded, instead of waiting ten years to

---

[2] Once a prisoner has exhausted his administrative remedies through the BOP, he may then file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. U.S. v. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010), and cases cited therein.

do so (Docs. 10 & 12).[3]

The initial Report and Recommendation was vacated for further consideration in light of this new information.

## Law and Analysis

Jones asks for credit on his federal sentence for time served on his state sentence in order to effectuate the intent of the state court judge and to receive credit against his federal sentence for time served in the state prison. In the alternative, Jones asks for a nunc pro tunc[4] designation of the state prison as a federal facility in order that the time he spent in state custody be considered by the Bureau of Prisons to have been time spent in federal custody.

Jones asks for credit on his federal sentence for time spent in state court, or a nunc pro tunc designation, in order to effectuate the intent of the state court judge who imposed the state sentence to run concurrent with the previously imposed

---

[3] Jones' state sentence stated specifically that it was imposed to "run concurrent with any other sentences" (Doc. 1, Ex.). The state court sentencing judge (now retired) wrote a letter to this district court and stated that he did not intend for Jones to serve a ten year state sentence in addition to his federal sentence (Doc. 18).

[4] The Latin phrase nunc pro tunc describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect--a Latin term meaning literally, "now for then." An act nunc pro tunc is an "entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake." Barden v. Keohane, 921 F.2d 476, 477 (3d Cir. 1990), citing Black's Law Dictionary at 964 (5th ed. 1979).

federal sentence. The Respondent points out that the United States District Judge who imposed Jones' federal sentence in 2004 has since "ordered," in 2008, that Jones serve his federal sentence consecutive to his state sentence (Doc. 25, Ex.).

The federal District Judge who imposed Jones' original federal sentence in 2004, prior to imposition of the state court sentence, did not make any specific provision for Jones' sentence to run either concurrently or consecutively to the any other sentence.[5] Four years later, the Bureau of Prisons requested the federal judge to provide clarification of his intent at sentencing.[6] In response to the BOP's request, the federal judge issued an "order" stating that "Jones' request for credit as a motion for concurrency between state and federal sentences" is denied. U.S. v. Jones, case number

---

[5] The Fifth Circuit has long held that a federal sentence can be imposed to run concurrent with a future state sentence. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000)("Since, under our precedent, the district court my order that a federal sentence run concurrent with a forthcoming state sentence, a consecutive sentence is not a necessary consequence of Section 3584's application."), citing U.S. v. Williams, 46 F.3d 57, 58-59 (5th Cir. 1995), cert. den., 516 U.S. 826, 116 S.Ct. 92 (1995), and U.S. v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991), cert. den., 500 U.S. 925, 111 S.Ct. 2034 (1991). Also, U.S. v. Garcia, 517 Fed.Appx. 225, **2 (5th Cir. 2013) ("sentences can be imposed to run consecutively to as-yet-undetermined state sentences even if they cannot run consecutively to unimposed federal sentences"); United States v. Esquivel, 78 Fed. Appx. 964, 2003 WL 22430514 (5th Cir. 2003). See also Setser v. U.S., 132 S.Ct. 1463, 1468-1469 (U.S. 2012)(resolving circuit split).

[6] U.S. v. Jones, case number 4:04-CR-00249-001 (S.D.Tex.), Doc. 39.

4:04-CR-00249-001 (S.D.Tex.), Doc. 40. The Bureau of Prisons considered the federal judge's "order" as a statement of his intent at the time of sentencing.[7]

First, it is noted that the authority to grant or deny credit for time served or a nunc pro tunc designation is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the Bureau of Prisons. U.S. v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 1353 (1992) (the district court is not authorized to compute credit at sentencing; the Attorney General computes sentence credit); U.S. v. Jack, 566 Fed.Appx. 331, 332 (5th Cir. 2014); Jake v. Herschberger, 173 F.3d 1059, 1065-1066 (7th Cir. 1999). Also, U.S. v. Custard, 230 F.3d 1360, 2000 WL 1290338 (6th Cir. 2000); Mikus v. Haro, 205 F.3d 1351, 1999 WL 1206618 (9th Cir. 1999). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a Section 2241 petition. Jack, 566 Fed.Appx. at 332 ("before the Attorney General has made a determination of a prisoner's credits, there is no case or controversy ripe for review when the prisoner challenges his credits"); Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010)("a habeas petition requesting a nunc pro tunc designation is not ripe until the BOP makes a final decision on the prisoner's

---

[7] Pursuant to Fed.R.Crim.P. rule 35, 18 U.S.C. § 3582, 28 U.S.C. § 2241, and 28 U.S.C. § 2255 there are strict limits on the time and circumstances under which a sentence may be amended after its imposition; those requirements were not met in this case.

nunc pro tunc request").

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. 18 U.S.C. § 3584(a); Jack, 366 F.3d at 332; Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). In this case, the presumption that Jones' federal sentence was imposed to run consecutive to his state sentence is in accordance with the federal judge's statement that his intent was to impose a consecutive sentence.

Moreover, where an individual has committed crimes against two sovereigns, as Jones did, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. As to the federal government, the authority to exercise this comity rests with the Attorney General, and an individual may not complain about his decisions. A corollary to this principle is that a determination as to concurrence of a sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, compel the federal government to grant a concurrent sentence. A state court's designation of a state sentence as concurrent with a prior federal sentence creates no obligation on the Attorney General to provide a prisoner with credit for time served in the state prison. Jake, 173 F.3d at 1065-1066. See

also, Custard, 230 F.3d 1360, *1; Mikus, 205 F.3d 1351, *2; Opela v. U.S., 415 F.2d 231, 232 (5th Cir. 1969)(same factual situation); U.S. v. Jefferson, 2001 WL 1602954, *1 (E.D.La. 2001).

Case law has, however, established one general exception to this basic rule. Time spent in state custody, even if for an unrelated offense, must be credited toward time served on a federal sentence "if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982), citing Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971). Also, Jefferson, 2001 WL 1602954, *1. If, for example, a state defendant is denied bail solely because of a federal detainer issued against him, the time spent in state custody awaiting trial must be credited to his federal sentence. Shaw, 680 F.2d at 1107, citing Shillingford, 586 F.2d 372, 375 n.6 (5th Cir. 1978). Also Spence v. United States, 452 F.2d 1198, 1199 (5th Cir. 1971); Ballard, 449 F.2d at 869; Davis v. Attorney General, 425 F.2d 238, 240 (5th Cir. 1970). The burden is on the petitioner to show that this is the case. O'Connor v. Attorney General, 470 F.2d 732, 734 (5th Cir. 1972).

While Jones was incarcerated in state prison, Jones was serving his state sentence. Jones has not carried his burden of proving that the time he spent in state confinement was exclusively

7

the product of action by federal law-enforcement officials.

However, Jones argues that, after he was sentenced by the federal court, he was erroneously transferred by the U.S. Marshal to federal prison. After the State of Texas made inquiries, the U.S. Marshal transferred Jones back to the State of Texas for proceedings on a state charge on which Jones was convicted and incarcerated in a Texas state prison. After completing his state sentence, the U.S. Marshal picked Jones up and placed him in the custody of the BOP for completion of his federal sentence.

Jones contends that, if the State of Texas had not inquired about Jones after he was sentenced in federal court and incarcerated in federal prison by the U.S. Marshal, he would have served his entire federal sentence before his state court proceedings took place. Jones argues that service of his federal sentence had already commenced at the time he was returned to state custody.

The BOP's sentence monitoring computation data for Jones shows that he was not given any credit on his federal sentence for time served before October 31, 2012 (Doc. 26). The response to Jones' complaint by the Administrator of National Inmates Appeals shows that Jones was erroneously designated to a federal facility after imposition of his federal sentence on February 28, 2005; however, when the staff realized that primary jurisdiction over Jones resided with the State of Texas, he was returned to state custody,

and then returned again to federal custody for service of his federal sentence on October 31, 2012 (Doc. 16, Ex.). The Regional Director's response to Jones' complaint shows that Jones received credit toward his state sentence from January 25, 2004 to January 27, 2004 and from February 19, 2004 to October 31, 2012.

The State of Texas arrested Jones first, then "loaned" him to the federal government for federal prosecution. Jones' presence in the federal court was procured pursuant to a writ of habeas corpus ad prosequendum. U.S. v. Jones, case number 4:04-CR-00249-001 (S.D.Tex.), Doc. 4. A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. U.S. v. Londono, 285 F.3d 348, 356 (5th Cir. 2002). After his federal proceedings, the federal government returned Jones to the State of Texas for his state prosecution. Therefore, Jones remained under the primary jurisdiction of the State of Texas, even when he was in federal custody. See Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980).

Moreover, under 18 U.S.C. 3585(a), a defendant's federal sentence begins when he is received in custody awaiting transportation to the official detention facility at which the sentence is to be served. A defendant held through a writ of habeas corpus ad prosequendum is not "in custody" under 18 U.S.C. § 3583(a). U.S. v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). Therefore, Jones did not start serving his federal sentence in

2005. The State of Texas retained primary jurisdiction over Jones when he was in the federal prison immediately following imposition of his federal sentence, and Jones received credit on his state sentence for that period of time.

Accordingly, the BOP correctly implemented Jones' federal sentence to run consecutive to his state sentence. It is the responsibility of the Attorney General through the BOP to implement the sentence imposed by the *federal* court. U.S. v. Berry, 814 F.2d 1406, 1410 (9th Cir. 1987). See also, 18 U.S.C. § 3621; Burnett v. Kindt, 780 F.2d 952, 955 n.10 (11th Cir. 1986); U.S. v. Hazime, 870 F.2d 658, 1989 WL 22052, *4 (6th Cir), cert. den., 493 U.S. 858, 110 S.Ct. 166 (1989). The Attorney General/BOP did not abuse their discretion in following the federal sentencing court's intent rather than the state court's, and in denying Jones' request for credit on his federal sentence for the time he served on his state sentence.

Likewise, the Attorney General/BOP did not err in refusing to grant Jones a nunc pro tunc designation for service of his federal sentence in the state prison. A nunc pro tunc designation is the usual method for implementing concurrent federal and state sentences. See 18 U.S.C. § 3621(b); Jack, 566 Fed.Appx. at 332; Hunter v. Tamez, 622 F.3d 427, 429 n.2 (5th Cir. 2010); Pierce, 614 F.3d at 160; Rogers v. U.S., 180 F.3d 349, 357 (1st Cir. 1999), cert. den., 528 U.S. 1126, 120 S.Ct. 958 (2000); McCarthy v. Doe,

146 F.3d 118, 122-123 (2d Cir. 1998); Barden, 921 F.2d at 477. BOP Policy Statement 5160.05(9)(1/16/2003) provides: "Concurrent Service of Federal and State Sentences. When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation. Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." See also Jack, 566 Fed.Appx. at 332.

The BOP denied Jones' request for a nunc pro tunc designation because it was not consistent with the federal sentence and the federal judge's intent to impose consecutive sentences (Doc. 16). The Attorney General/BOP did not abuse their discretion in carrying out the intent of the federal sentencing judge rather than of the state sentencing judge by refusing to grant a nunc pro tunc designation.

Since Jones has failed to carry his burden of proving that the Attorney General, through the Bureau of Prisons, abused his discretion in implementing Jones' federal sentence to run concurrent to his state sentence, Jones' petition for writ of habeas corpus should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jones' Section 2241 petition for habeas relief be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum**

setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 7th day of January 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE